IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ray Edward Wells, *a/k/a Ray Anthony Wells, Ray Wells,* <br><br> Plaintiff, <br><br> v. <br><br> Spartanburg County Detention Facility Employees; Warden, Larry W. Powers; Medical Staff; Cpl. T. Brown; and Nurse Susan Blackwell, <br><br> Defendants. | Civil Action No.: 8:10-1490-CMC-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

Pursuant to 42 U.S.C. § 1983, the *pro se* Plaintiff, a pre-trial detainee a the Spartanburg County Detention Center, is alleging claims for civil rights violations relating to his medical care. This matter is before the Court on the Plaintiff's Motions for Damages (Dkt. # 16), a Preliminary Injunction and Temporary Restraining Order, (Dkt. # 22), and for a Default Judgment (Dkt. # 55.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

**Motion for Damages**

The Plaintiff has filed a motion seeking an order awarding him damages for the claims he alleges in his Complaint. (Dkt. # 16.) As the Plaintiff's claims against the Defendants have not been adjudicated on the merits, any award of damages would be

inappropriate and premature. Accordingly, Plaintiff's Motion for Damages should be denied.

**Motion for Preliminary Injunction and Temporary Restraining Order**

The Plaintiff has filed a Motion for a Preliminary Injunction and Temporary Restraining Order. (Dkt. # 22.) In this motion, the Plaintiff requests placement in a private room in a private hospital or home with his own private doctors, specialists, counselors, and nurses caring for him 24 hours a day. He also requests dental treatment, a private bathroom and shower, a television, access to food 24 hours a day, eyeglasses, and shoes. (Dkt. # 22 - Mot. at 3-4.) Additionally, the Plaintiff requests that he not be placed in a jail or prison as he fears for his life because he has been injured while incarcerated in the past. *Id.* at 4.

It is well-settled that a preliminary injunction is an extraordinary form of relief that is to be granted only if no adequate remedy at law exists, and the movant establishes a clear entitlement to relief. *See In re Microsoft Corp. Antitrust Litig,* 333 F.3d 517, 524-26 (4th Cir. 2003). Fed.R.Civ.P. 65(b)(1)(A). Rule 65 of the Federal Rules of Civil Procedure requires a showing of "specific facts in an affidavit or a verified complaint [that] clearly show that [he will suffer] immediate and irreparable injury, loss or damage" in order for a temporary restraining order to issue. The Supreme Court has set forth four factors which the Petitioner must establish in order to be granted preliminary injunctive relief: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities is in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, ---

U.S. ----, 129 S.Ct. 365 (2008). *See Neiswender v. Bank of America*, No. 09-2595, 2009 W L 1834406, at *1 (N.D.Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

Here, the Plaintiff has not alleged he will suffer any irreparable harm if he is denied this preliminary relief, nor has he alleged that such harm is actual and imminent. The Plaintiff alleges in his Complaint that he is being denied medical treatment. However, the Plaintiff does not allege that he suffers from a serious medical condition nor one which would mandate round the clock care by private nurses and doctors. He merely alleges that his legs were injured in the past and that he has blackouts, migraines, and nerve and joint pain. (See Compl.) Further, he has not shown he is likely to succeed on the merits. Therefore, the Plaintiff has failed to establish the elements necessary to demonstrate the need for a preliminary injunction. Accordingly, the Plaintiff's Motion for Preliminary Injunction should be denied.

**Motion for Default Judgment**

The Plaintiff has filed a Motion for Default Judgment in regard to the Plaintiff's Motions for Damages and a Preliminary Injunction. (Dkt. # 55.) As best as the undersigned can determine from the Plaintiff's motion, the Plaintiff contends that the Defendants did not timely respond to the above motions and thus he alleges he is entitled to an entry of a default judgment. *Id.* However, the Defendants timely responded to the Plaintiff's Motions for Damages and a Preliminary Injunction. Pursuant to this court's order, the Defendants had until September 17th to respond to these motions and on September 17th, the Defendants filed their responses opposing these motions. (Dkt. # 42.)

Wherefore, based on the foregoing, it is RECOMMENDED that the Plaintiff's Motions for Damages (Dkt. # 16), a Preliminary Injunction (Dkt. 22), and for a Default Judgment (Dkt. # 55 ) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 22, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**