IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ray Edward Wells, | ) Civil Action No.: 8:10-1490-CMC-BHH |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION OF** |
| | ) **MAGISTRATE JUDGE** |
| Spartanburg County Detention Center Facility Employees; Warden, Larry W. Powers; Medical Staff; Cpl. T. Brown; and Nurse Susan Blackwell, | ) |
| Defendants. | ) |

Pursuant to 42 U.S.C. § 1983, the pro se Plaintiff, a pre-trial detainee at the Spartanburg County Detention Center, is alleging claims for civil rights violations relating to his medical care. This matter is before the Court on the Plaintiff's Motion to Amend his Complaint and for a Preliminary Injunction and Temporary Restraining Order. (Dkt. # 67.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

**Motion for Temporary Restraining Order**

This is the Plaintiff's second Motion for a Preliminary Injunction and Temporary Restraining Order. (See Dkt. # 22.) United States District Court Judge Honorable Cameron McGowan Currie recently adopted the undersigned's report and recommendation and denied the Plaintiff's first motion for a preliminary injunction and temporary restraining order. (Dkt. # 78.) In this new motion, the Plaintiff again requests placement in a hospital

or private home. (Pl.'s Mot. at 6.)

It is well-settled that a preliminary injunction is an extraordinary form of relief that is to be granted only if no adequate remedy at law exists, and the movant establishes a clear entitlement to relief. *See In re Microsoft Corp. Antitrust Litig.,* 333 F.3d 517, 524-26 (4th Cir. 2003). Fed.R.Civ.P. 65(b)(1)(A). Rule 65 of the Federal Rules of Civil Procedure requires a showing of "specific facts in an affidavit or a verified complaint [that] clearly show that [he will suffer] immediate and irreparable injury, loss or damage" in order for a temporary restraining order to issue. The Supreme Court has set forth four factors which the Petitioner must establish in order to be granted preliminary injunctive relief: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities is in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, — U.S. ----, 129 S.Ct. 365 (2008). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D.Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

Again, the Plaintiff has not alleged he will suffer any irreparable harm if he is denied this preliminary relief, nor has he alleged that such harm is actual and imminent. The Plaintiff alleges in his Complaint that he is being denied medical treatment. However, the Plaintiff does not allege that he suffers from a serious medical condition nor one which would mandate placement in a hospital or private home. He merely alleges that his legs were injured in the past and that he has blackouts, migraines, and nerve and joint pain. (See Compl.) Further, he has not shown he is likely to succeed on the merits. Therefore,

the Plaintiff has failed to establish the elements necessary to demonstrate the need for a preliminary injunction. Accordingly, the Plaintiff's Second Motion for Preliminary Injunction should be denied.

**Motion to Amend Complaint**

In the same motion, the Plaintiff has states he is filing a motion to amend his complaint. (Dkt. # 67.)  Rule 15(a) provides that when more than twenty-one days have elapsed since an answer was served, leave of court is required for a plaintiff to amend his complaint without the defendant's consent. Fed.R.Civ.P. 15(a).  As 21 days have elapsed since the answer in this case was served, leave of court is required for the Plaintiff to file an amended complaint.

The Plaintiff did not file a copy of the amended complaint with his motion.  A proposed amended complaint must be included with any motion to amend and the proposed complaint must be complete within itself without reference to the prior complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir.1997); *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987).  One of the purposes of the requirement that motions to amend be accompanied by a copy of the proposed amended complaint is to ensure that all of the allegations asserted against the defendants are contained in a single document reducing the likelihood that a party will overlook one or more allegations against him.  Moreover, this requirement eliminates the confusing nature of "piecemeal" pleadings.   *Doggett v. Douglas,* 1998 WL 312355 (N.D.N.Y. 1998).  Based on the foregoing, the Plaintiff's Motion to Amend his Complaint should be denied.

Wherefore, based on the foregoing, it is RECOMMENDED that the Plaintiff's Motion to Amend his Complaint and for a Temporary Restraining Order (Dkt. # 67) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

October 26, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**