IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ray Edward Wells,<br><br>           Plaintiff,<br><br>      v.<br><br>Spartanburg County Detention<br>Center Facility Employees;<br>Warden, Larry W. Powers;<br>Medical Staff; Cpl. T. Brown;<br>and Nurse Susan Blackwell,<br><br>           Defendants. | Civil Action No.: 8:10-1490-CMC-BHH<br><br><br>**REPORT AND RECOMMENDATION OF<br>MAGISTRATE JUDGE** |

Pursuant to 42 U.S.C. § 1983, the pro se Plaintiff, a pre-trial detainee at the Spartanburg County Detention Center, is alleging claims for civil rights violations relating to his medical care. This matter is before the Court on the Plaintiff's Motions for Summary Judgment (Dkt. # 60, 94, 97, and 99) and a Speedy Trial (Dkt. # 113) and the Defendants' Motion for Summary Judgment (Dkt. # 90.)

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under §1983, and submit findings and recommendations to the District Court.

On September 24, 2010, the Plaintiff filed his 1st Summary Judgment Motion. (Dkt. # 60.) On October 12, 2010, the Defendants filed a response opposing the Plaintiff's Summary Judgment Motion. (Dkt. # 69.) On October 29, 2010, the Defendants filed a Motion for Summary Judgment. (Dkt. # 90.) On November 1, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 91.) On November 3, 2010, the Plaintiff filed a 2nd Motion

for Summary Judgment (Dkt. # 94) and then on November 11, 2010, filed a 3rd Motion for Summary Judgment (Dkt. # 97). He filed his 4th Motion for Summary Judgment on November 18, 2010. (Dkt. # 99.) On November 29, 2010, the Defendants filed responses opposing the Plaintiff's 2nd and 3rd Summary Judgment Motions (Dkt. # 109 and 110) and on December 6, 2010, the Defendants filed a response opposing the Plaintiff's 4th Summary Judgment Motion (Dkt. # 117).[1]

**FACTS**

The Plaintiff is a pro se pretrial detainee currently incarcerated at the Spartanburg County Detention Facility ("SCDF"). In his complaint, the Plaintiff alleges that the Defendants have violated his constitutional rights by denying him medical care. The Plaintiff alleges he suffers from blackouts and memory loss and has joint and nerve pain and poor circulation. (Compl. at 4.) He alleges the Defendants knew he also suffered from a previous injury to both his legs and did nothing. He alleges the Defendant Warden Larry Powers merely forwarded his requests on to the medical staff and did not send someone to look into his medical history. (Compl. at 3.) Specifically, the Plaintiff alleges the medical staff should have sent him to a bone and nerve specialist. *Id.*[2] He alleges he has been tricked into drinking alcohol or taking prescription medications which caused him to become intoxicated. (Compl. at 4.) He also alleges he suffered an injury on May 26,

---

[1]The undersigned notes the Plaintiff did not file a separate response opposing the Defendants' Summary Judgment Motion. However, in light of the fact that he has filed four summary judgment motions, the undersigned believes the issues have been adequately briefed and are ripe for a ruling from the court.

[2]The Plaintiff filed an Amended Complaint (Dkt. # 18), and a Motion to file a Second Amended Complaint (Dkt. # 30), which was granted (Dkt. # 32). However, these amendments were merely to add additional defendants or correct names and the allegations alleged in the original complaint remain as first alleged. Therefore, the undersigned is citing to the original complaint in setting forth the Plaintiff's claims.

2009, at the SCDF when he tripped over a cot in his cell. The plaintiff specifically alleges he is bringing claims pursuant to the Federal Torts Claim Act ("FTCA") or the Americans with Disabilities Act ("ADA"). *Id.*

**APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the

3

allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**Medical Indifference Claims**

The Plaintiff alleges the Defendants have denied him medical care. The Defendants contend the Plaintiff has failed to state a claim. The undersigned agrees.

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id*. The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id*. at 104. To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.[3]

---

[3]Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). However, the standard for

4

Deliberate indifference is a very high standard. In *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle,* 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy,* 797 F.2d 179 (4th Cir.1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann,* 906 F.Supp. 1025, 1037 (E.D.Va.1995) (*quoting Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)).

Further, mere negligence, malpractice, or incorrect diagnosis is not actionable under § 1983. *Estelle,* 429 U.S. at 106. While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); *see also Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985).

---

reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment. *Hill v. Nicodemus,* 979 F.2d 987, 991 (4th Cir. 1992).

5

Additionally, the Fourth Circuit has held that to bring a claim alleging the denial of medical treatment against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier*, 896 F.2d 848. Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id.*

Under these principles, turning to the Plaintiff's allegations that he was generally denied medical care at the SCDF, the Plaintiff has not alleged sufficient facts stating any claim actionable under § 1983 regarding his general medical treatment against the non-medical Defendants. The Plaintiff has failed to show that the non-medical Defendants deliberately interfered with the Plaintiff's general medical treatment. Therefore, any claims against the non-medical Defendants for medical indifference based upon the Plaintiff's general care while at the SCDF fail.

Even as to the medical Defendants, the undersigned finds that the Plaintiff has failed to establish a claim of medical indifference.[4] First, the Plaintiff has not established that he suffers from any serious medical need. The Plaintiff's medical records establish that the Plaintiff had his right hip replaced in 2009 and on April 9, 2010, x-rays revealed that his hip was healing without any abnormalities. (Dkt. # 23 Attach. # 1- Pl.'s Med. Records at 9.) He alleges that he suffers from leg and joint pain, black outs, and memory

---

[4]The Plaintiff has named only one individual medical personnel as a defendant, Nurse Blackwell. The Plaintiff also named as a defendant the "Medical Staff" of SCDF. The use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff,* 2008 WL 2564779 (E.D.Va. 2008). Use of such a collective term has been found legally inadequate to name a "person" who can act "under color of state law." Because this defendant is not a person, it cannot have liability under § 1983, and thus the Medical Staff of SCDF should be dismissed as defendants in this action.

loss. Even assuming these are serious medical needs, the record shows that the Plaintiff was evaluated in November of 2009, and no serious medical conditions was noted. It was noted that the Plaintiff's complaints of dizziness and this "may be related to his polysubstance abuse." (Defs.' Mem. Supp. Summ. J. Mot. Powers' Aff. Ex. 3.)[5]

Further, the Plaintiff's medical records from the SCDF also show that the Plaintiff has been seen on several occasions and had been given medications on a routine basis. *Id.* It appears that the Plaintiff disagrees with the medication he is being given and states that it is not helping him. Even assuming this is true, the Plaintiff has not stated a claim of medical indifference. *Miltier,* 896 F.2d 848, 851 (holding in order to show deliberate indifference, Plaintiff must present evidence to show that his treatment was so "grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness"); *Jackson v. Fair,* 846 F.2d 811, 817 (1st Cir.1988)(holding Constitution does not guarantee a prisoner the treatment of his choice); *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir.1985) (holing disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim absent exceptional circumstances).

In addition to his allegations regarding his general medical care while at the SCDF, the Plaintiff also specifically alleges that he was not treated after his fall on May 26, 2010.

---

[5] To the extent that the Plaintiff alleges a claim based on his fall in his cell on May 26, 2010, the Plaintiff has failed to state a claim. The Plaintiff states that he fell in his cell over a steel cot because of overcrowding and injured himself. (Dkt. # 60 - Pl.'s 1st Mot. for Summ. J. at 6.) Liberally-construed, the Plaintiff's allegations state a claim of negligence. However, the law is well-settled that negligence, in general, is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 38; *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). There is no evidence in the record that the Defendants were deliberately indifferent to the Plaintiff. As negligence is not a constitutional violation, even assuming the Plaintiff's allegation are true and that he was injured in a fall at the SCDF, he has failed to state a cognizable claim under § 1983. *Estelle,* 429 U.S. at 106.

7

The Plaintiff submitted an Inmate Grievance Request on May 27, 2010, in which he states that he discussed his medical problems with the nurse on May 26, 2010, and that sometime afterwards, he slipped on his crutches and fell blacking out. He states he asked for medical attention, but that Cpl. Brown told him he was alright and refused his requests.

The Plaintiff, however, has not alleged that he suffered any injury relating to his medical indifference claim following his fall on May 26, 2010. The Plaintiff has also failed to present any evidence to show that any deliberate indifference on the part of the Defendants resulted in injuries to the Plaintiff and thus these claims should be dismissed. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.") Because the Plaintiff has failed to allege any injury based upon this alleged denial of medical treatment which has caused him " 'to suffer a life-long handicap or permanent loss,' " *Coppage,* 906 F.Supp. at 1037, the Defendants' should be granted summary judgment on these claims.

**FTCA and ADA Claims**

In his Complaint, the Plaintiff makes a conclusory allegation that his rights under the ADA were violated. Title II of the ADA, 42 U.S.C. § 12131, et seq., prohibits qualified individuals with disabilities from being excluded from participation in or being denied the benefits of the services, programs or activities of a public entity. Title II of the ADA and the Rehabilitation apply to inmates in state prisons. *Pa. Dept. of Corr. v. Yeskey*, 524 U.S. 206, 210-13 (1998).

To make out a prima facie case under the Title II of the ADA, the Plaintiff must show that: (1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; (3) he was excluded from the benefit due to discrimination

8

based upon disability; and (4) the entity that provides the benefits is a public entity. A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1)(A); *Raytheon Co. v. Hernandez,* 540 U.S. 44, 49 (2003). Major life activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). A major life activity also includes the operation of a major bodily function. 42 U.S.C. § 12102(2)(B). Major bodily functions include, but are not limited to, "functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." *Id.* There is no allegation or showing that the Plaintiff has a disability under the ADA or that he was denied a benefit because of any disability.[6] Accordingly, the Plaintiff's ADA claims should be dismissed.

Additionally, to the extent that the Plaintiff attempts to allege any claims under the FTCA, these claims should also be dismissed. A suit under the FTCA lies against only the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual employees. *See Myers and Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir. 1975).

---

[6]Additionally, the ADA does not provide any cause of action for a plaintiff to sue an individual in his individual capacity. *Williams v. Smith*, 2010 WL 2816714, at *2 (M.D.N.C. 2010) (*citing Baird ex rel. v. Rose,* 192 F.3d 462, 472 (4th Cir.1999). Therefore, the Plaintiff could only raise official capacity claims under the ADA and those claims would be treated as "claims against the state agency that employs" the Defendants. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).) In any event, the Plaintiff has made only conclusory allegations regarding any claims pursuant to the ADA and thus he has failed to state a claim.

## CONCLUSION

Wherefore, based on the foregoing, it is RECOMMENDED that the Plaintiff's Motion for Summary Judgment (Dkt. # 60, 94, 97, and 99) be DENIED, the Defendants' Motion for Summary Judgment (Dkt. # 90) be GRANTED; and the Plaintiff's Complaint be Dismissed with prejudice.

If the District Court adopts this report, it is further RECOMMENDED that the Plaintiff's Motion for a Speedy Trial (Dkt. # 113) be DENIED as moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

December 8, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**