IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Ray Edward Wells, ) | C/A NO. 8:10-1490-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Spartanburg County Detention Facility ) | |
| Employees; Warden, Larry W. Powers; ) | |
| Medical Staff; Cpl. T. Brown; and Nurse ) | |
| Susan Blackwell, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On December 8, 2010, the Magistrate Judge issued a Report recommending that Plaintiff's motions for summary judgment be denied, that Defendants' motion for summary judgment be granted, and this matter dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed a motion for appointment of counsel (Dkt. #121), a "Report and Recommendation," (Dkt. #123), a Motion to Amend the Complaint (Dkt. #125), a motion "to Amend Supplem[ental] Pleadings," Dkt. #126, and a Motion for Damages (Dkt. # 127), and a "Motion for Appeal and Continue [sic] Damages," (Dkt.

1

#129).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to any "objections" contained in Plaintiff's various filings, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's various motions and other material filed after entry of the Report, the court agrees with the conclusions of the Report.

To the extent anything in Plaintiff's various post-Report filings can be construed as "objections" to the Report, Plaintiff seeks, via his filings, to cure the complaint's deficiencies noted in the Report by supplement and amendment. Any "objections," therefore, are more correctly construed and considered as motions, addressed below.

Plaintiff's Motion for appointment of counsel (Dkt. #121) is **denied**. There is no statute which authorizes the court to appoint counsel for indigent litigants in civil cases. Nor are funds appropriated to pay appointed counsel in such cases.

Plaintiff's other recently-filed motions are a "Motion for Report and Recommendation" (Dkt. #123), Motion to Amend (Dkt. #125), Motion to "Amend [Supplemental] Pleadings" (Dkt. #126), and Motion for Damages (Dkt. #127), and a "Motion for Appeal and Continue [sic] Damages" (Dkt.

#129).[1]  These motions seek to add several individual defendants to this suit, to include allegations related to alleged incidents which occurred on October 25, 2010 and December 5, 2010 (which both post-date the filing of the complaint), and that certain alleged evidence should compel the court to rule in Plaintiff's favor on all claims.

To the extent Plaintiff seeks to amend his complaint at such late date, the motions are denied. To permit amendment at this juncture would prejudice Defendants.  Defendants have fully briefed their motion for summary judgment, and have responded to Plaintiff's motions, based upon the record as it currently exists.

To the extent Plaintiff seeks to supplement his pleadings regarding the alleged later incidents, supplemental pleadings are governed by Rule 15(d) of the Federal Rules of Civil Procedure. The rule states as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

Fed.R.Civ.P. 15(d).  The Fourth Circuit Court of Appeals has clarified that the standard for granting leave to supplement a pleading is "nearly identical" to the standard governing whether to grant a motion to amend.  *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002).   Thus, a motion to supplement a pleading "should be denied only where 'good reason exists . . . such as prejudice to the defendants.' "  *Id*. (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001)).

These motions to amend and/or supplement were made long after Defendants had moved for summary judgment, and after the Report was issued noting the failings of Plaintiff's complaint.  As

---

[1] Defendants have responded in opposition to Plaintiff's "Motion for Report and Recommendation" (Dkt. #123), Motion to Amend (Dkt. #125), and Motion to "Amend [Supplemental] Pleadings" (Dkt. #126).

noted above, to allow amendment at this late date would prejudice Defendants. Therefore, these motions (Dkt. Nos. 123, 125, 126, 127, and 129) are **denied**.

Defendants' motion for summary judgment (Dkt. # 90) is **granted**. Plaintiff's motions for summary judgment (Dkt. Nos. 60, 94, 97, 99) and for "A Fast and Speedy Trial (Dkt. # 113) are **denied**. This matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 12, 2011

C:\Documents and Settings\nac60\Desktop\10-1490 order.wpd